**IN THE UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF TEXAS**

**AUSTIN DIVISION**

| | | |
|---|---|---|
| **SAMMIE MEREDITH,** | § | |
| **Petitioner,** | § | |
| | § | |
| **V.** | § | **A-05-CV-717-SS** |
| | § | |
| **NATHANIEL QUARTERMAN,** | § | |
| **Director, Texas Dept. of** | § | |
| **Criminal Justice-Correctional** | § | |
| **Institutions Division,** | § | |
| **Respondent.** | § | |

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:     The Honorable Sam Sparks, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus under 28 U.S.C. § 2254 (Document 3); Petitioner's Supplement to Petition (Document 5); Respondent's Answer (Document 10); Petitioner's response thereto (Document 14); Petitioner's Memorandum in Support of Petition (Document 18); Petitioner's supplemental evidence (Document 19); and Respondent's response (Document 22).  Petitioner, proceeding pro se, has paid the filing fee for his application. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

**STATEMENT OF THE CASE**

**A.    Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 403rd Judicial District Court of Travis County, Texas, in cause number 2020286, styled The State of Texas v. Sammie Meredith.  Ex parte Meredith, Appl. No. 61,763-01 at 2.  Petitioner was charged with the felony offense of evading arrest with a deadly weapon, and he entered a plea of not guilty.  Id.  A jury found him guilty on October 2, 2002, and sentenced him to imprisonment for a term of 18 years.  Id. at 20.  Petitioner appealed his conviction to the Third Court of Appeals of Texas, which affirmed the judgment of the trial court on August 29, 2003.  Meredith v. State, No. 03-02-688-CR, 2003 WL 22023350 (Tex. App.–Austin 2003). Petitioner filed a petition for discretionary review in the Texas Court of Criminal Appeals and the court refused the petition on February 11, 2004.  Meredith v. State, P.D.R. No. 1665-03 (Tex. Crim. App. 2004).

On February 11, 2005, Petitioner filed a state application for writ of habeas corpus challenging his conviction.  Ex parte Meredith, Appl. No. 61,763 at 31A-43.  The Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court without a hearing on April 27, 2005.  Id. at cover.  Petitioner executed his federal application on or about September 10, 2005.

**B.    Factual Background**

The factual background of this case is found in the Court of Appeals opinion and is repeated below.

In the early morning hours of January 26, 2002, Deputy Brian Turner of the Travis County Sheriff's Office noticed that a headlight on appellant's car was burned out. The deputy followed the car and decided to stop appellant. Appellant stopped on Caldwell Lane, a street intersecting Highway 71. As the officer began walking toward appellant's car, appellant drove off at a rapid speed through a residential neighborhood with Turner in pursuit. Turner estimated that appellant's speeds reached 105 miles per hour. Appellant drove erratically, often crossing the center stripe into the opposite lane, driving into ditches, and failing to stop at stop signs.

During the chase, Turner observed two other cars had to swerve onto the shoulder of the road to avoid a head-on collision. At one point, appellant pulled off the road. As the deputy followed, appellant made a half-circle, "came right back at me," and Turner had to take evasive action to avoid appellant. The chase ended when appellant missed a turn and slammed into a tree at approximately 65-75 miles per hour.

Turner called for emergency medical services and attempted to assist appellant. Appellant had not been wearing a seatbelt; his head struck the front windshield of the car. Appellant's head was bleeding, but he was conscious. Turner instructed appellant to keep his head still because of the possibility of spinal cord injuries, but appellant was belligerent and uncooperative. Turner noticed several beer cans on the floor of the vehicle. Appellant's breath and clothes smelled of alcohol; his eyes were glassy, his speech slurred. After the fire department freed appellant by cutting away parts of his car, he was transported to the hospital by helicopter. Upon his release, he was arrested. Turner also testified that, in his opinion, residents in the area were endangered by appellant's conduct because he could have hit a residence rather than the tree.

Meredith v. State, No. 03-02-688-CR, 2003 WL 22023350, 1 (Tex. App.–Austin 2003).

## C.     Petitioner's Grounds for Relief

Petitioner raises the following grounds for relief:

1.      His punishment was illegally increased in violation of the prohibition against double jeopardy when the State employed "use of a vehicle" to punish him twice;

2.      Petitioner's due process rights were violated by the State's failure to properly inform the jury of all available sentencing provisions allowed by the Texas Penal Code, by the State's failure to prove all elements of the offense beyond a reasonable doubt, and because the deadly weapon instruction presumed Petitioner's guilt; and

3.      Petitioner received ineffective assistance of counsel.

**D.       Exhaustion of State Court Remedies**

Respondent does not contest that Petitioner has exhausted his state court remedies regarding

the claims brought in this application.  A review of the state court records submitted by Respondent

shows that Petitioner has properly raised these claims in previous state court proceedings.  However,

Respondent moves to dismiss Petitioner's application as time-barred.

<u>**DISCUSSION AND ANALYSIS**</u>

**A.       Statute of Limitations**

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death

Penalty Act of 1996 ["AEDPA"].[1]  The AEDPA amended 28 U.S.C. § 2244 to provide a statute of

limitations for applications for habeas corpus relief filed pursuant to 28 U.S.C. § 2254.  That section

provides, in relevant part:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas
> corpus by a person in custody pursuant to the judgment of a State court.  The
> limitation period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of direct
>> review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State
>> action in violation of the Constitution or laws of the United States is
>> removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized
>> by the Supreme Court, if the right has been newly recognized by the Supreme
>> Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented
>> could have been discovered through the exercise of due diligence.

---

[1] Pub.L. No. 104-132, 110 Stat. 1214 (1996).

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244 (April 24, 1996).

Petitioner's conviction became final, at the latest, on May 11, 2004, at the conclusion of time during which he could have filed a petition for writ of certiorari with the United States Supreme Court. See SUP. CT. R. 13.1 ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review."). Petitioner's application would have been due May 11, 2005, but Petitioner filed a state application for habeas corpus relief on February 11, 2005, which tolled the limitations period while pending in state court. At that time, 276 of the 365 allotted days had passed. The Texas Court of Criminal Appeals denied relief on April 27, 2005. Therefore, Petitioner had 89 days to execute his federal application, and the new deadline became July 25, 2005. Petitioner did not execute his federal application until September 10, 2005.

Petitioner contends he is entitled to equitable tolling because he did not receive notice from the Texas Court of Criminal Appeals that his habeas application had been denied until August 9, 2005. Petitioner provided a sworn statement that he did not receive the notice until this date. In a response to this Court's December 12, 2005 order, Respondent conceded that the mail logs for Petitioner's prison unit show that the only piece of mail received by Petitioner from the Texas Court of Criminal Appeals between April 27, 2005 and August 10, 2005, was logged as "Date Received 08-08-05" and "Date Delivered 08-09-05."

The Fifth Circuit has held that equitable tolling is only available in "exceptional circumstances." Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999) (citing Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998)). The Fifth Circuit found that a delay of several months in receiving information could qualify as an exceptional circumstance. Id. The party seeking to establish equitable tolling bears the burden of doing so. Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir. 2000). In light of Petitioner's evidence, the Court finds that Petitioner has met his burden of proof in establishing he is entitled to equitable tolling. Accordingly, Petitioner's federal application for habeas corpus relief should not be dismissed as time-barred.

**B.     Standard of Review**

The AEDPA radically altered the standard of review by this Court in federal habeas corpus proceedings filed by state prisoners pursuant to Title 28 U.S.C. § 2254. Under the AEDPA's new standard of review, this Court cannot grant Petitioner federal habeas corpus relief in this cause in connection with any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1)-(2).

The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of . . . [the Supreme Court's] decisions as of the time of the relevant state-court decision." Dowthitt v. Johnson, 230 F.3d 733, 740 (5th Cir. 2000) (quoting (Terry) Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 1523 (2000)). The inquiry into whether the decision was based on an "unreasonable

determination of the facts" constrains a federal court in its habeas review due to the deference it must

accord the state court. See id.

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state
> court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on
> a question of law or if the state court decides a case differently than . . . [the Supreme
> Court] has on a set of materially indistinguishable facts. Under the "unreasonable
> application" clause, a federal habeas court may grant the writ if the state court
> identifies the correct governing legal principle from . . . [the Supreme Court's]
> decisions but unreasonably applies that principle to the facts of the prisoner's case.

Id. at 740-41.

Section 2254(d)(2) speaks to factual determinations made by the state courts. See 28 U.S.C.

§ 2254(e)(1). While we presume such determinations to be correct, the petitioner can rebut this

presumption by clear and convincing evidence. See id. Absent an unreasonable determination in

light of the record, we will give deference to the state court's fact findings. See id. § 2254(d)(2).

With these principles in mind, this Court must now turn to the issues raised by the pleadings in this

cause.

**C.      Violation of the Prohibition Against Double Jeopardy**

In his first ground for relief, Petitioner maintains that his punishment was illegally increased

in violation of the prohibition against double jeopardy because the State included "use of a vehicle"

both as an element of the offense and as an element of the deadly weapon enhancement. Petitioner

further argues  that because nobody was injured in the chase, his vehicle did not constitute a deadly

weapon.

Petitioner raised the same issues in his state application for writ of habeas corpus. The state

courts rejected the merits of Petitioner's claim. As such, the AEDPA limits the scope of this Court's

review to determining whether the adjudication of Petitioner's claim by the state court either (1)

resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  For the following reasons, this Court finds that the state courts's decisions neither resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, nor were based on an unreasonable determination of the facts in light of the evidence presented.

The Double Jeopardy Clause in the Fifth Amendment provides "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb."  U.S. CONST. amend. V. The Supreme Court has held that this protects against successive prosecutions for the same offense after acquittal and multiple criminal punishments for the same offense.  Monge v. California, 524 U.S. 721, 727-288 (1998).  Sentence enhancements are not construed as additional punishments for a single previous offense, but "act to increase a sentence 'because of the manner in which [the defendant] committed the crime of conviction.'"  Id. at 728 (citing United States v. Watts, 519 U.S. 148, 154, 117 S. Ct. 633, 636 (1997) (per curiam)).  The Supreme Court has sustained the constitutionality of enhancement statutes against contentions that the statutes "violate constitutional strictures dealing with double jeopardy, ex post facto laws, cruel and unusual punishment, due process, equal protection, and privileges and immunities."  Spencer v. Texas, 385 U.S. 554, 560, 87 S. Ct. 648, 651 (1967).

Petitioner was convicted of evading arrest using a vehicle, a state jail felony.  TEX. PEN. CODE § 38.04(b)(1) (2002).  Petitioner's punishment was enhanced to a third-degree felony because he used a deadly weapon during the commission of the offense.  Id. at § 12.35(c)(1).  A deadly

weapon can be "<u>anything</u> that <u>in the manner of its use</u> or intended use <u>is capable</u> of causing death or serious bodily injury." <u>Id.</u> at § 1.07(a)(17)(B) (emphasis added).  Petitioner's punishment was finally enhanced to a second-degree felony on the basis of his prior felony convictions.  <u>Id.</u> at § 12.42(a)(3).

Although the deadly weapon enhancement relies on the same vehicle Petitioner used to evade arrest, this does not constitute a violation of the prohibition against double jeopardy.  That Petitioner used the vehicle to evade arrest provided the basis for his conviction.  The manner in which Petitioner used his vehicle transformed that vehicle into a deadly weapon, thus providing for an enhancement.  Petitioner is not being punished twice for the same crime, but serving a single, more-severe punishment because of the manner in which Petitioner committed the crime.  <u>See</u> <u>Monge v. California</u>, 524 U.S. at 727.

Petitioner does not contest that he used a vehicle to evade arrest, nor that he drove the vehicle at a high rate of speed.  The fact that nobody was injured by the manner in which Petitioner evaded arrest makes Petitioner (and the public at large) incredibly lucky, but does not negate the deadly weapon enhancement.  The deadly weapon enhancement does not require Petitioner to have actually caused death or serious bodily injury.  It simply requires Petitioner to have used his vehicle in a manner that rendered the vehicle <u>capable</u> of causing death or serious bodily injury.  <u>See</u> TEX. PEN. CODE § 1.07(a)(17)(B).

This Court finds that the enhancements to Petitioner's sentence do not constitute multiple criminal punishments for the same offense.  Specifically, Petitioner's deadly weapon enhancement is not an additional punishment for a single previous offense, but an increase to his sentence because of the manner in which Petitioner evaded arrest.  This Court further finds that the state courts's

determination that the vehicle was a deadly weapon was appropriate given the manner in which Petitioner used the vehicle. Thus, Petitioner's claims alleging a violation of the prohibition against double jeopardy do not warrant federal habeas relief.

**D.      Violation of Petitioner's Due Process Rights**

In his second ground for relief, Petitioner argues his due process rights were violated in three respects. First, Petitioner argues the State failed to properly inform the jury of all available sentencing provisions allowed by the Texas Penal Code. Second, he argues the State failed to prove all elements of the offense beyond a reasonable doubt. Third, he argues by providing the jury with a deadly weapon instruction, the State presumed Petitioner's guilt. Petitioner raised these same claims in his application for state habeas corpus relief. The state courts rejected the merits of Petitioner's claims. For the following reasons, this Court finds nothing unreasonable in the state court's rejection of Petitioner's claims or in the state court's determination of facts in light of the evidence.

First, Petitioner argues the State failed to properly inform the jury of all available sentencing provisions in the Texas Penal Code. Petitioner anchors this argument primarily on the contention that, should the State charge any enhancements to a charge of evading arrest, the State is required to use the other subsections of Section 38.04 to do so. See TEX. PEN. CODE § 38.04. Thus, Petitioner contends that the jury should have been informed of Sections 38.04(b)(2)(B) and 38.04(b)(3), and that the State's failure to charge Petitioner with these subsections constituted a violation of Petitioner's due process rights. In Petitioner's case his due process rights were not violated because the jury was properly informed of all relevant sentencing provisions allowed by the Texas Penal Code.

10

The State charged Petitioner only with using a vehicle to evade arrest, a state jail felony. TEX. PEN. CODE § 38.04(b)(1). Petitioner's sentence was enhanced because the jury found he used the vehicle as a deadly weapon and he had been convicted of one or more felony offenses. Ex parte Meredith, Appl. No. 61,763-01 at 20. The jury was not informed of Texas Penal Code Sections 38.04(b)(2)(B) and 38.04(b)(3) because Petitioner was not charged with violating these sections. Petitioner's argument, at its essence, asserts that the jury would not have found Petitioner guilty of crimes Petitioner had neither been charged with nor committed.

Petitioner offers no authority to support the contention that any enhancements to a charge under Section 38.04 must use only the subsections of Section 38.04. Petitioner simply rejects the notion that an offense under Section 38.04 can be enhanced by other sections of the Penal Code. The Penal Code itself, however, provides sections that enhance the penalties received by repeat felony offenders and offenders who used deadly weapons. See, e.g., TEX. PEN. CODE §§ 12.35(c)(1); 12.42.

Second, Petitioner argues the State failed to prove all elements of the offense of evading arrest with a vehicle beyond a reasonable doubt. In determining the sufficiency of the evidence in habeas proceedings, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). The State had to prove that Petitioner used a vehicle to intentionally flee from a person Petitioner knew was a peace officer attempting lawfully to arrest or detain him. TEX. PEN. CODE § 38.04. Further, the State had to prove that, due to the manner of its use, Petitioner's vehicle was a deadly weapon, "capable of causing death or serious bodily injury." Id. at § 1.07(a)(17)(B).

The record indicates after Deputy Turner stopped Petitioner's vehicle, Petitioner drove away before Deputy Turner could reach Petitioner's vehicle. Meredith v. State, No. 03-02-688-CR, 2003 WL 22023350, 1. Turner testified that Petitioner drove erratically at speeds estimated at 105 miles per hour. Id. Turner observed that other cars had swerved onto the shoulder of the road to avoid Petitioner, and Turner himself had to take evasive action when Petitioner turned in a half-circle and drove directly at Turner. Id.

Based on Deputy Turner's testimony alone, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. A jury could have found that Petitioner used his vehicle to intentionally flee from a person he knew was a peace officer attempting lawfully to detain him. Further, a jury could have found that Petitioner used his vehicle as a deadly weapon. Petitioner argues the vehicle cannot be a deadly weapon because nobody else was injured. Petitioner's argument overlooks the fact that Petitioner himself was injured after crashing into a tree. Petitioner avoided serious bodily injury or death, but certainly demonstrated that the vehicle, in the manner of its use, was capable of causing such.

The jury found the State had proven all elements of the offense beyond a reasonable doubt. Petitioner was sentenced accordingly. Petitioner has not demonstrated that the state courts's determinations to reject his claim were either "contrary to, or involved an unreasonable application of, clearly established Federal law," or "based on an unreasonable determination of the facts in light of the evidence." 28 U.S.C. § 2254(d)(1)-(2).

Third, Petitioner argues, by providing the jury with a deadly weapon instruction, the State presumed Petitioner's guilt and violated his due process rights. To demonstrate an improper presumption, Petitioner must prove beyond a reasonable doubt that the jury instruction relieved the

State of its burden to prove every fact necessary to constitute the crime with which he is charged. Sandstrom v. Montana, 442 U.S. 510, 520-21, 99 S. Ct. 2450, 2457-58 (1979).  In Petitioner's case his due process rights were not violated because the jury instruction did not presume Petitioner's guilt.

The record indicates that Petitioner was presumed innocent when the court provided the jury with the deadly weapon instruction.  The Court instructed  the jury that if "you further find beyond a reasonable doubt that the defendant used a deadly weapon . . . you will so state in your verdict, but if you do not so find or if you have a reasonable doubt thereof, you will state that the defendant did not use a deadly weapon."  Ex parte Meredith, Appl. No. 61,763-01 at 9.  The instruction itself allowed the jury to find Petitioner either guilty or not guilty, based on whether the State had met its burden.

Petitioner presents no evidence that the state habeas court's rejection of his claim was "contrary to, or involved an unreasonable application of, clearly established Federal law," nor "based on an unreasonable determination of the facts in light of the evidence."  28 U.S.C. § 2254(d)(1)-(2).

**E.      Ineffective Assistance of Counsel**

In his third ground for relief, Petitioner argues he received ineffective assistance of counsel in three respects.  First, Petitioner contends trial counsel was ineffective because counsel allowed Petitioner to be charged under a deadly weapon provision which presumed his guilt.  Second, Petitioner contends counsel failed to present, as a line of defense, subsections (b)(2) and (b)(3) of the Texas Penal Code Section 38.04.  Third, Petitioner contends counsel failed to request a lesser included offense instruction.

Ineffective assistance of counsel claims are analyzed under the well-settled standard set forth

in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984):

> First, the defendant must show that counsel's performance was deficient. This
> requires showing that counsel made errors so serious that counsel was not
> functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.
> Second, the defendant must show that the deficient performance prejudiced the
> defense. This requires showing that counsel's errors were so serious as to deprive the
> defendant of a fair trial, a trial whose result is reliable. Unless a defendant can make
> both showings, it cannot be said that the conviction or death sentence resulted from
> a breakdown in the adversary process that renders the result unreliable.

Id. at 687, 104 S. Ct. at 2064. In deciding whether counsel's performance was deficient, the Court

applies a standard of objective reasonableness, keeping in mind that judicial scrutiny of counsel's

performance must be highly deferential. Id. at 686-689, 104 S. Ct. 2064-65. "A fair assessment of

attorney performance requires that every effort be made to eliminate the distorting effects of

hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the

conduct from counsel's perspective at the time." Id. at 689, 104 S. Ct. at 2065. "Because of the

difficulties inherent in making the evaluation, a court must indulge a strong presumption that

counsel's conduct falls within the wide range of reasonable professional assistance; that is, the

defendant must overcome the presumption that, under the circumstances, the challenged action might

be considered sound trial strategy." Id. (Citation omitted). Ultimately, the focus of inquiry must be

on the fundamental fairness of the proceedings whose result is being challenged. Id. at 695-97, 104

S. Ct. at 2069. Accordingly, in order to prevail on a claim of ineffective assistance of counsel, a

convicted defendant must show that (1) counsel's representation fell below an objective standard of

reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors,

the result of the proceeding would have been different. Id. at 687, 104 S. Ct. at 2064.

14

Petitioner first states trial counsel was ineffective because counsel allowed Petitioner to be charged under a deadly weapon provision which presumed his guilt. Petitioner fails to recognize trial counsel was not involved in charging Petitioner and never had the authority to dictate the charges alleged in Petitioner's indictment.

The Texas Constitution provides that an indictment "is a written instrument presented to a court by a grand jury charging a person with the commission of an offense." TEX. CONST., art. V, § 12(b). Here, the grand jury charged in its indictment that Petitioner, while evading arrest, used and exhibited a deadly weapon. See Ex parte Meredith, Appl. No. 61,763-01 at 2. The record indicates that this indictment was then presented to a court. The record contains no evidence that counsel in any way approved or allowed the deadly weapon provision in the indictment.

In any event, the deadly weapon provision did not presume Petitioner's guilt. Rather, it acted as an enhancement to the offense charged. See TEX. PEN. CODE § 2.01 ("All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt.") Only at the end of Petitioner's trial, after the jury found that Petitioner used his automobile as a deadly weapon, was Petitioner's presumption of innocence overturned. Ex parte Meredith, Appl. No. 61,763-01 at 13.

Second, Petitioner states correctly that trial counsel did not present and argument under subsections (b)(2) and (b)(3) of Texas Penal Code Section 38.04. He argues counsel's failure to raise these subsections as a line of defense constitutes ineffective assistance of counsel. However, Petitioner had not been charged with violating subsections (b)(2) and (b)(3) of Texas Penal Code Section 38.04. Rather, he was charged with and convicted under section 38.04(b)(1) because he used a vehicle while evading arrest and had not been charged before under this section. See TEX. PEN.

CODE § 38.04(b)(1).   Petitioner goes to great lengths to argue that he did not violate other subsections of Section 38.04.   Petitioner's arguments in this instance are unnecessary because Petitioner was not charged with violating all of the subsections of Section 38.04, and counsel had no reason to raise defenses to the other subsections in Section 38.04.   The fact that Petitioner did not violate these subsections in no way indicates that Petitioner did not violate subsection (b)(1).

Third, Petitioner argues trial counsel failed to request a lesser-included offense instruction. Alternatively, Petitioner argues counsel failed to request the proper lesser-included offense instruction.   In Petitioner's case, counsel requested the lesser-included offense of evading arrest without using a vehicle, the only lesser-included offense available to Petitioner.   Meredith v. State, No. 03-02-688-CR at 86-87.   The Court rejected this request because, even though it satisfied the statutory definition of a lesser-included offense, a reasonable jury could not find Petitioner guilty only of the lesser offense.   Id.   See TEX. CODE CRIM. P. § 37.09.   Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. Accordingly, the Court finds that 28 U.S.C. § 2254, as amended by the AEDPA, bars habeas corpus relief on Petitioner's claims that he received ineffective assistance of trial counsel.

## RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be denied.

## OBJECTIONS

The parties may file objections to this Report and Recommendation.   A party filing objections must specifically identify those findings or recommendations to which objections are

being made.  The District Court need not consider frivolous, conclusive, or general objections.

Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations

contained in this Report within ten (10) days after the party is served with a copy of the Report shall

bar that party from de novo review by the district court of the proposed findings and

recommendations in the Report and, except upon grounds of plain error, shall bar the party from

appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the

district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct.

466, 472-74 (1985);  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and

Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is

ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return

receipt requested.

SIGNED this 29th day of August, 2006.


_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE